IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| JAMES C. STUART, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
|  | ) | CIV-13-906-R |
| v. | ) |  |
| TED LIMKE, | ) |  |
| Defendant. | ) |  |

SUPPLEMENTAL REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. § 1983. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). With respect to the claims asserted in Plaintiff's Second Amended Complaint[1] (Doc. # 19), it is recommended that the cause of action be dismissed with prejudice pursuant to 28 U.S.C. §§1915A(b) and 1915(e)(2)(B).

I. Plaintiff's Claims and Background

In his Second Amended Complaint (Doc. # 19), Plaintiff sues Defendant Ted Limke, who is identified as a Contract Monitor of private prisons for the Oklahoma Department of Corrections ("ODOC"). Plaintiff asserts that he is suing Defendant Limke in his official and

---

[1] The Second Amended Complaint supercedes the original and amended complaints and renders the previous pleadings without legal effect. Mink v. Suthers, 482 F.3d 1244, 1254 (10th Cir. 2007).

1

individual capacities.

In ground one, Plaintiff alleges that Defendant Limke violated Plaintiff's rights under the Eighth Amendment's Cruel and Unusual Punishment Clause. He alleges that Defendant Limke "failed to perform the duties of his position as contract monitor in getting Plaintiff moved to [a] safe and secure environment" after Plaintiff was "assaulted by correctional officers of a private prison in Cushing, Oklahoma" on July 20, 2010, and notified Defendant Limke on July 21, 2010, that Plaintiff needed to be transferred to another prison "for his own well-being, safety and security." Second Amended Complaint, at 2. Plaintiff alleges that as a result of Defendant Limke's failure to transfer Plaintiff he has experienced "increased and ongoing anxiety and fear [for] over two and a half years, resulting in increase in Plaintiff's blood pressure, loss of sleep, [and] overwhelming emotional outbursts of crying."

In ground two of the Second Amended Complaint, Plaintiff alleges that Defendant Limke violated his rights under the Americans with Disabilities Act based on the same underlying facts as alleged in ground one.

Plaintiff admits that he previously sought relief in this Court concerning the same facts involved in this action. Second Amended Complaint, at 3. Taking judicial notice of the Court's own records, in <u>Stuart v. Steer</u>, Case No. CIV-10-1026-R, filed September 20, 2010, Plaintiff sued numerous Cimarron Correctional Facility ("CCF")[2] and ODOC officials for various alleged constitutional deprivations occurring during his confinement at CCF. One

---

[2]CCF is a private prison located in Cushing, Oklahoma.

of Plaintiff's claims in that action was a claim of unconstitutionally excessive use of force and unconstitutional retaliation by CCF officials Dorame and Munday against Plaintiff on July 20, 2010, at CCF.

All but one of Plaintiff's claims in that action were either dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief or resolved adversely to Plaintiff in summary judgment proceedings. Following a settlement conference conducted by United States Magistrate Judge Erwin, an administrative closing order was entered in the case. In May 2013, Plaintiff and the only remaining Defendant, Defendent Dorame, filed a Stipulation of Dismissal with Prejudice as to Plaintiff's remaining § 1983 retaliation claim against Defendant Dorame.[3]

The Defendant named in the instant action, Defendant Limke, was not a Defendant in Plaintiff's previous § 1983 action. However, in his second ground for relief in that action, Plaintiff alleged that an ODOC contract monitor named "Ted" failed to "contact ODOC and inform them [sic] that a serious incident had occurred which caused great injury to Plaintiff . . . ." He alleged that as a result of this omission ODOC and CCF's parent company were liable to him for failure to "follow established procedure."

II. Statutory Screening of Prisoner Complaints

The Court must review complaints filed by prisoners seeking relief against a

---

[3] A notice of change of address filed July 25, 2012, in that action (Doc. # 85) reflects Plaintiff's notification to the Clerk of the Court that he had been transferred from CCF to the Oklahoma State Reformatory.

governmental entity or an officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The same screening of a civil complaint filed *in forma pauperis* is required by 28 U.S.C. § 1915(e)(2). After conducting an initial review, the Court must dismiss a complaint or any portion of it presenting claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

In conducting this review, the Court must accept the plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from the allegations, in the light most favorable to the plaintiff. Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007). Although a pro se litigant's pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520 (1972), "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247-1248 (10th Cir. 2008)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). The allegations in a complaint must present "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Further, a claim is frivolous "where it lacks an arguable basis either in law or in fact" or is "based on an indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989).

III. Failure to State a Claim

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege he or she was deprived of a right "secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Amer. Mfrs. Mut. Ins. Co. v.

4

Sullivan, 526 U.S. 40, 49-50 (1999). The elements necessary to establish a § 1983 violation "will vary with the constitutional provision at issue." Dodds v. Richardson, 614 F.3d 1185, 1198 (10th Cir. 2010)(citation omitted). "This variation is required because § 1983 'is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes.'" Id. at 1209 n. 2 (Tymkovich, J., concurring)(quoting Baker v. McCollan, 443 U.S. 137, 145 n. 3 (1979)).

Plaintiff bases his claim in ground one on the Eighth Amendment. "An Eighth Amendment claim has both an objective component - whether the deprivation is sufficiently serious - and a subjective component - whether the official acted with a sufficiently culpable state of mind," which in conditions of confinement cases requires a showing that the official was deliberately indifferent to the inmate's health and safety. Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 809 (10th Cir. 1999). See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Howard v. Waide, 534 F.3d 1227, 1236 (10th Cir. 2008)(discussing two components of Eighth Amendment claim).

Plaintiff alleges in the Second Amended Complaint that on July 20, 2010, he was "assaulted by correctional officers at a private prison" and that on the following day, July 21, 2010, he notified Defendant Limke that "Plaintiff had been attacked" and that he "needed to report the felony to police" and "asked" Defendant Limke to transfer Plaintiff to another correctional facility "for his own well-being, safety and security." Second Amended Complaint (Doc. # 19), at 1, 2. Assuming the truth of Plaintiff's assertion that he was

5

"assaulted" or "attacked" by unidentified correctional officials on July 20, 2010, Plaintiff is alleging that Defendant Limke failed to transfer him to another prison after Plaintiff notified Defendant Limke that Plaintiff had been assaulted by unidentified correctional officials the previous day. Plaintiff provides no facts from which to infer that Defendant Limke was subjectively aware of a substantial risk of serious harm to Plaintiff as a result of the isolated previous assault or attack. "[D]eliberate indifference entails something more than mere negligence." Farmer v. Brennan, 511 U.S. 825, 835 (1994). Plaintiff has not alleged that any risk of harm to Plaintiff existed when he notified Defendant Limke of the previous assault or at any time thereafter. Thus, Plaintiff has failed to state a viable claim for relief under §1983 against Defendant Limke.

More significantly, Plaintiff's claim under § 1983 is barred by the statute of limitations. A court may "consider affirmative defenses sua sponte" for the purpose of dismissal under 28 U.S.C. § 1915 "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." Fratus v. Deland, 49 F.3d 673, 674-675 (10th Cir. 1995)(quotations and alterations omitted). "The statute of limitations period for a § 1983 claim is dictated by the personal injury statute of limitations in the state in which the claim arose," McCarty v. Gilchrist, 646 F.3d 1281, 1289 (10th Cir. 2011), and that state's "coordinate tolling rules." Fogle v. Pierson, 436 F.3d 1252, 1258 (10th Cir. 2006)(quotations omitted). See Wilson v. Garcia, 471 U.S. 261, 276 (1985). In this action, Oklahoma's two-year statute of limitations for personal injury suits is applicable. See Okla. Stat. tit. 12, § 95(A)(3); Meade v. Grubbs, 841 F.2d 1512, 1522 (10th Cir.

1998)(recognizing a two-year statute of limitations period for § 1983 claims under pertinent Oklahoma law).

"State statutes of limitations applicable to general personal injury claims supply the limitations period for § 1983 claims, but federal law governs the time for accrual of § 1983 claims." Beck v. City of Muskogee Police Dep't, 195 F.3d 553, 557 (10th Cir. 1999)(citations omitted). "Since the injury in a § 1983 case is the violation of a constitutional right, such claims accrue when the plaintiff knows or should know that his or her constitutional rights have been violated." Id. (internal quotation marks omitted). See Alexander v. Okla., 382 F.3d 1206, 1215 (10th Cir. 2004)(quotations omitted)(generally, federal "claims accrue, and the statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action."). "[A] plaintiff must use reasonable diligence in seeking to discover facts giving rise to a claim for relief." Alexander, 382 F.3d at 1216.

Plaintiff's § 1983 claim accrued on July 21, 2010, when he asserts that he notified Defendant Limke that he had been "assaulted" or "attacked" by "correctional officers at a private prison." Second Amended Complaint (Doc. # 19), at 1-2. There is nothing in the Second Amended Complaint to support the application of Oklahoma's limited tolling exceptions. See Alexander, 382 F.3d at 1217. If it is "clear from the face of the complaint that there are no meritorious tolling issues," or the plaintiff has been given notice and an opportunity to respond, a § 1983 action may be *sua sponte* dismissed on timeliness grounds. Vasquez Arroyo v. Starks, 589 F.3d 1091, 1097 (10th Cir. 2009). In this case, the Second

Amended Complaint clearly shows that the cause of action accrued more than two years prior to the date the action was filed and that no tolling principles apply. Additionally, Plaintiff was given an opportunity to file a second amended complaint and advised that any claims accruing more than two years prior to the filing of the amended complaint would be barred by the statute of limitations governing a § 1983 action. See Order (Doc. # 18), at 3. Therefore, the action should be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) as it is barred by the statute of limitations.

In ground two of the Second Amended Complaint, Plaintiff asserts that Defendant Limke violated his rights under the ADA. To state an ADA claim, a plaintiff must allege that he was a "qualified person" denied the "benefits of the services, programs or activities of a public entity." 42 U.S.C. §§ 12131(2),12132. Plaintiff has not alleged what service, program, or activity he believes he was excluded from because of a disability. He has therefore failed to state a viable claim under the ADA.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's cause of action be DISMISSED with prejudice with respect to his claim in ground one and DISMISSED without prejudice with respect to his claim in ground two. It is further recommended that the dismissal of this cause of action count as one "prior occasion" or "strike" pursuant to 28 U.S.C. § 1915(g). See Hafed v. Fed. Bureau of Prisons, 635 F.3d 1172, 1176, 1177 (10th Cir. 2011)("When an action or appeal is dismissed as frivolous, malicious, or for failure to state

a claim under 28 U.S.C. § 1915(e)(2)(B), the dismissal counts as a strike" and "a dismissal under [28 U.S.C. ] § 1915A counts as a strike when the action was dismissed as frivolous, malicious, or for failure to state a claim . . . .").

Plaintiff is advised of the right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by <u>    February 3rd  </u>, 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. <u>Moore v. United States</u>, 950 F.2d 656 (10th Cir. 1991); <u>cf.</u> <u>Marshall v. Chater</u>, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this <u> 13th </u> day of <u>    January    </u>, 2014.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE