# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES STUART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-13-906-R |
| | ) |
| TED LIMKE, Department Of Corrections | ) |
| Contract Monitor, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff filed a second amended complaint in this action on December 27, 2013, alleging claims against Defendant Ted Limke, an employee of the Oklahoma Department of Corrections, who serves as contract monitor for a private prison in Cushing, Oklahoma, where Mr. Stuart was previously incarcerated. Plaintiff seeks relief from Defendant Limke in both his individual and official capacity, asserting claims under 42 U.S.C. § 1983 and the American with Disabilities Act ("ADA"). Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Gary M. Purcell for preliminary review. On January 13, 2014, Judge Purcell issued a Report and Recommendation wherein he recommended that Plaintiff's claims be dismissed pursuant to the initial screening of his second amended complaint, because his 42 U.S.C. § 1983 claim is time barred, and he has failed to allege facts to support a claim under the Americans With Disabilities Act. The matter is currently before the Court on Plaintiff's timely objection to the Report and Recommendation.

Plaintiff's claims stem from allegations that he was assaulted by officers of the private prison on July 20, 2010. Plaintiff contends Defendant Limke, as contract monitor, is liable for anxiety Plaintiff suffered thereafter, because he failed to notify the Department of Corrections of the incident, failed to notify law enforcement of the incident and failed to transfer Plaintiff to ensure Plaintiff's safety. Plaintiff contends he informed Mr. Limke of the assault on July 21, 2010 and requested a transfer, but his request was not fulfilled.[1] Relying on the same facts, Plaintiff alleges that his rights under the ADA were violated.

In his objection to the Report and Recommendation Plaintiff contends that his claims are timely because he was not aware until after July 25, 2012, that Defendant Limke never notified the Oklahoma Department of Corrections or law enforcement about the July 21, 2010 assault. He contends his transfer was the result of a repositioning of older inmates throughout the Department of Corrections. Plaintiff contends that he did not become aware until after his July 2012 transfer that Defendant Limke had failed to fulfill the responsibilities affiliated with his job as contract monitor. As such, Plaintiff argues that the statute of limitations did not start to run until he was made aware of Defendant's failures.

Although Judge Purcell recommended dismissal of Plaintiff's § 1983 claim on the basis of the statute of limitations, Plaintiff has presented arguments that arguably could have extended the time for filing the complaint in this action. The Court finds, however, that Plaintiff has failed to state a claim for a constitutional violation against Defendant Limke,

---

[1] In prior litigation Plaintiff informed the Court of a change in address, indicating that he was transferred to the Oklahoma State Reformatory, where he is currently incarcerated.

and therefore, dismissal is appropriate under 28 § 1915A(b) and § 1915 (e)(2)(B).

Plaintiff's second amended complaint and his objection to the Report and Recommendation allege that Mr. Limke failed to perform the requirements of his job as contract monitor. Plaintiff, however, does not allege that after he informed Mr. Limke of the July 20, 2010 assault that he was subjected to any further assault or deprivation of his constitutional rights. The Court finds no factual basis in the second amended complaint to support a constitutional claim, even giving the pleading liberal construction. Plaintiff's complaint is that Defendant Limke allegedly failed to perform the tasks associated with his role as contract monitor, which is insufficient to support a § 1983 claim.

Finally, Plaintiff makes no objection to the portion of the Report and Recommendation wherein Judge Purcell recommends dismissal of his ADA claim, and accordingly, the Report and Recommendation is hereby adopted with regard to Plaintiff's ADA claim.

The second amended complaint is hereby DISMISSED as Plaintiff has failed to state a claim for relief. The Report and Recommendation is adopted to the extent it is consistent with the Court's findings, as set forth above.

IT IS SO ORDERED this 26th day of February, 2014.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE